

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-12-2008

# USA v. Balduino-Solano

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-3063

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Balduino-Solano" (2008). *2008 Decisions*. Paper 1456.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1456

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No: 06-3063
_____

UNITED STATES OF AMERICA

v.

MOISES BALDUINO-SOLANO,

Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 04-cr-00617-3)
District Judge: Honorable Cynthia M. Rufe
_____

Submitted Under Third Circuit LAR 34.1(a)
March 4, 2008

Before:   BARRY, JORDAN, and HARDIMAN, *Circuit Judges.*

(Filed: March 12, 2008)
_____

OPINION OF THE COURT
_____

JORDAN, *Circuit Judge*.

Moises Balduino-Solano ("Balduino-Solano") appeals his conviction on drug

distribution and conspiracy charges under 21 U.S.C. §§ 841(a)(1) and 846.  He contends

that the District Court committed prejudicial error by not conducting an *in camera*

interrogation of a confidential Drug Enforcement Agency ("DEA") informant before deciding whether to grant a pre-trial motion to disclose the identity of that informant.[1] We will affirm.

*Background*

Because we write solely for the parties, we will discuss only those facts relevant to Balduino-Solano's appeal. On July 26, 2004, state law enforcement officers arrested Balduino-Solano, Ramon Collado ("Collado"), and Jose Mieses-Sanchez ("Mieses-Sanchez") while they were traveling by car from New York to Philadelphia. The arrests were made based on a tip from a confidential DEA informant. The arresting officers found approximately two kilograms of cocaine in the car. As a result, the government charged each of the three men with one count of possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1) and one count of conspiracy in violation of 21 U.S.C. § 846. Collado and Mieses-Sanchez pled guilty and agreed to testify against Balduino-Solano.

On January 7, 2005, Balduino-Solano filed a pre-trial motion to compel the government to disclose the identity of the confidential informant whose tip had led to his

---

[1] We have jurisdiction under 28 U.S.C. § 1291. We review a district court's ruling on a motion to disclose the identity of a confidential informant for abuse of discretion. *United States v. Johnson*, 302 F.3d 139, 149 (3d Cir. 2002) (*citing United States v. Brown*, 3 F.3d 673, 679 (3d Cir.1993)). A district court's determination of the evidence it chooses to review in deciding whether to disclose that information is, as we discuss herein, also a matter for the district court's sound discretion.

arrest.  At a hearing on the motion, Balduino-Solano argued that disclosing the informant's identity would be helpful to him because the informant could testify that he and the informant did not know each other and that the informant did not know that he would be present in the car the night he was arrested.  He also argued that the informant could impeach Collado's credibility by testifying that Collado had engaged in numerous other drug deals.  In response, the government agreed that the informant knew nothing about Balduino-Solano.  The government also agreed that Collado had previously been involved with drug dealing and that the jury would be told that.  In short, the government argued that, given its concessions, any potential benefit to Balduino-Solano from revealing the informant's identity was insufficient to outweigh the government's interest in keeping the informant's identity confidential.

The District Court indicated that, before ruling on the motion, it might need to see police reports about the informant as well as reports by the DEA case agent.  Both parties agreed that the District Court could also conduct an *in camera* examination of the informant under oath.  However, counsel for the government suggested that the informant might have produced a written report and, in lieu of an *in camera* examination of the informant, the District Court could meet with the DEA case agent *ex parte* and review that report.  Defense counsel then objected, arguing that only an *in camera* examination of the informant under oath could provide the Court with a sufficient basis for a decision on the motion.  The District Court decided that it would "take the matter

3

under advisement with the specific advice, that I am free to meet with the case agent concerning the [informant's] report–self report." (Joint Appendix ("JA") at 151.)

On February 11, 2005, the District Court denied the motion after "conduct[ing] an 'in camera' inspection of the Agents' reports." (JA at 3.) Following trial, Balduino-Solano was convicted and filed this appeal.

*Discussion*

According to Balduino-Solano, it is unclear from the District Court's order whether the Court reviewed a report written by the informant.  Assuming that the District Court did review such a report, Balduino-Solano contends that an *in camera* review of the report, rather than an *in camera* questioning of the informant himself, violates due process and our decision in *United States v. Jackson*, 384 F.2d 825 (3d Cir. 1967).  We disagree.

First, we note that the District Court was not silent about what it reviewed in connection with Balduino-Solano's motion.  It said, as quoted above, that it made its decision after "conduct[ing] an 'in camera' inspection of the Agents' reports." (JA at 3.) Since the premise of the Balduino-Solano's argument is that the District Court reviewed a report by the informant, and since the District Court's direct statement is that it reviewed "Agents' reports," one could fairly conclude that the premise has been undercut and that, therefore, Balduino-Solano's argument cannot stand.  But assuming *arguendo*

4

that the District Court actually reviewed a report written by the informant,[2] Balduino-Solano still loses.  Such a procedure does not necessarily violate either due process generally, or *Jackson* in particular.

In *Jackson*, we held that a district court may conduct an *in camera* examination of an informant when deciding a motion to disclose the informant's identity.  384 F.2d at 827.  However, nothing in *Jackson* requires that a district court undertake such a procedure.  Indeed, we stated in *Jackson* that district courts own the "task of balancing public interest in protecting the flow of information against the individual's right to prepare his defense."  *Id.* (*quoting Roviaro v. United States*, 353 U.S. 53, 62 (1957)).  The implication is that the procedure for handling that task, and not just the outcome of the procedure, are committed to the discretion of the district courts.  A rule requiring *in camera* interrogations of confidential informants in all cases would usurp that discretion and could waste valuable judicial resources while subjecting informants to what might be an unnecessary and potentially compromising exercise.

Neither does due process demand the type of rigid rule Balduino-Solano seeks.  We have of course been cognizant of due process concerns even as we have assiduously

---

[2]  Balduino-Solano evidently thinks the Court may have reviewed a report by the informant himself.  Thus, Balduino-Solano requests that we determine whether the District Court kept a record of the documents it reviewed, and, if so, that these documents be forwarded to us under seal for our review pursuant to Federal Rule of Appellate Procedure 10(e)(2)(B).  Alternatively, if the District Court does not have copies of the documents it reviewed, Balduino-Solano requests that we remand his case so that the District Court can develop a more complete record.

5

avoided telling district courts what they shall and shall not do in making the delicate decision of whether to compel exposing a confidential informant. Ultimately, as the Supreme Court has recognized, the process that is due may vary from case to case, so that "no fixed rule with respect to disclosure is justifiable." *Roviaro*, 353 U.S. at 62.

The question remains, though, whether it was an abuse of discretion to forego an *in camera* interrogation in this case. We are here dealing with what we have earlier described as a case "in which the informant is not an active participant or eyewitness, but rather a mere tipster." *United States v. Jiles*, 658 F.2d 194, 197 (3d Cir. 1981). "In such cases," we have said, "courts have generally held that the informant's identity need not be disclosed." *Id.* (*citations omitted*). Recognizing, then, that the case at bar presents the weakest of scenarios for compelling disclosure, and recognizing further that the government in this case essentially conceded the only two points as to which Balduino-Solano argued the informant could have relevant information, it would be particularly odd to say that this is the case in which an *in camera* interrogation is absolutely required.

We reiterate our advice in *Jackson* that district courts would do well to consider *in camera* questioning of confidential informants when balancing law enforcement interests and a defendant's due process rights. On the present record, however, we cannot say that the District Court abused its discretion in declining to conduct such an interrogation before ruling on the Balduino-Solano's motion.

Accordingly, we will affirm.

6